This is an appeal by a self-insured employer from a decision of the Workmen’s Compensation Board which denied the employer’s application for a review and a rehearing of a referee’s decision and award allowing disability compensation to the widow of Thomas J. Ahern, the deceased employee. It is conceded that decedent was employed as a switchman by the appellant at Lackawanna, New York. On July 1, 1944, while engaged in the regular course of his employment and while attempting to throw a switch, the switch stuck and the employee was compelled to use extra exertion, strain and effort, by reason of which he suffered an acute coronary occlusion, with resultant disability. He filed a claim for compensation benefits on January 15, 1945. The employer controverted the claim solely on the issues of accident and causal relation. On September 24,1945, an award was made in favor of decedent on these issues and the board on November 15, 1945, affirmed the referee’s decision and denied the application for review. No appeal was taken by the employer from these decisions and the awards. The appellant paid compensation without any objection until December 20, 1948. On January 3, 1949, the employee died, as a result of a heart condition. On January 18, 1949, a hearing was held before the referee. The question then arose as to the widow’s right to an award for disability compensation at the time of her husband’s death. At this hearing the appellant, for the first time, objected to the disability claim on the ground of jurisdiction. The referee made an award for disability compensation due to the decedent between February 4, 1947, and January 3, 1949, the date of his death. That award is the subject of this appeal. The board found that the appellant had waived its right to raise the issues of jurisdiction and interstate commerce by reason of gross laches and conduct prejudicial to the decedent’s widow. We think appellant had waived its right to question the jurisdiction of the Workmen’s Compensation Board in this case* (Matter of Haglund V. Morse Dry DocTc & Repair Co., 2551 App. Div. 895.) Award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ. [See 278 App. Div. 727.)